UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MICHAEL MCLEOD,

        Plaintiff,

v.

                                     Case No. 2:22-cv-10729
                                     District Judge Mark A. Goldsmith

MICHAEL BRYANT,
CHARLES RETTIG, and
THE UNITED STATES OF
AMERICA,

                                     Magistrate Judge Anthony P. Patti

        Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT UNITED STATES' MOTION TO DISMISS (ECF No. 18)

**I.**    **RECOMMENDATION**:  The Court should **GRANT** Defendants'

(collectively United States') motion to dismiss (ECF No. 18).

**II.**    **REPORT**

      **A.**    **Background**

      This matter is about proof of Plaintiff's liability to the IRS, which Plaintiff

has allegedly been attempting to secure since prior to 2000.  (ECF No. 6, ¶¶ 11-

16.)  Plaintiff claims that, in 2001, he decided to "rescind his withholding

agreement with his then employer and cease volunteering to self-assess . . . ."  (*Id.*,

¶ 17.)  However, he claims that, in 2004, "the IRS instructed Plaintiff's then

employer to begin Plaintiff's withholding immediately at zero exemptions and to not allow [him] to alter in any way those instructions for withholding." (*Id*., ¶ 18.) He further claims that, from 2004 into 2012, "the IRS collected withholdings without returning any requested refund . . . [,]" and, despite "the overpayments which the IRS retained, they decided to charge [him] penalties and interest for years where none legally existed." (*Id*., ¶¶ 19-20.)

In February 2012, the State of Michigan "began seizing for a second time 100% of his wages putting Plaintiff in financial ruin." (*Id*., ¶ 21.) On May 9, 2012, Plaintiff filed a Chapter 13 voluntary petition, wherein he listed, among others, the State of Michigan Department of Treasury as having a claim of $25,000 for 2003, 2004, 2005, 2006, and 2007 taxes and a claim of $25,000 for 2008, 2009, 2010, and 2011 taxes. *See* Case No. 12-51695-MLO (Bankr. E.D. Mich.) An order of discharge entered on February 6, 2018. (*Id*.) The Chapter 13 Standing Trustee's Final Report and Account, dated March 12, 2018, reflects multiple scheduled creditors, including three separate entries for the Michigan Department of Treasury. (*Id*.) (*See also id*., ¶¶ 21-24.)

Plaintiff claims that, beginning in September 2021, IRS Agent Michael Bryant began collections seizing Plaintiff's bank account and the majority of Plaintiff's pension and Social Security retirement benefits using a 'Notice of

Levy'." (*Id.*, ¶ 25.)[1]  Plaintiff claims this violated IRS procedure, as well as his

Fourth Amendment right against unlawful seizures and his Fifth Amendment right

to due process.  (*Id.*, ¶ 25-26.)  Plaintiff alleges that Bryant "refused or could not"

discharge the purported debt.  (*Id.*, ¶ 28.)  Plaintiff also takes issue with Bryant's

alleged Notice of Lien against Plaintiff's wife and daughter with respect to their

house, *i.e.*, a house not in Plaintiff's name.  (*Id.*, ¶ 29.)[2]  He contends the IRS

"could not offer proof that assessments for all years existed[,]" and seeks "proof of

liability before demanding or seizing Plaintiff's property . . . ."  (*Id.*, ¶ 30.)

According to Plaintiff, he "has to file a lawsuit to get fair treatment, fair accounting

and a fair hearing on this issue . . . [,]" which is "outrageous" and makes it 'a

matter of a Trial by Jury to decide what if anything is owed."  (*Id.*, ¶ 34.)

### B.    Instant Lawsuit

Plaintiff initiated this matter on April 6, 2022.  Shortly thereafter, the Court

ordered Plaintiff to file an amended complaint curing certain defects or informing

the Court that jurisdiction is lacking.  (ECF No. 5.)  On April 26, 2022, Plaintiff

---

[1] Attached to Plaintiff's motion response is a "Notice of Levy," which lists unpaid
balances of assessments for the tax periods ending 2002, 2003, 2004, 2005, 2006,
and 2009.  (ECF No. 23, PageID.179.)  Although the date is illegible, it appears to
have been issued in either March, June, or August 2021.

[2] It appears Plaintiff has no standing to make such a claim; however, since this
report recommends dismissal on other jurisdictional grounds, the Court need not
take up that issue at this time *sua sponte*. (*See also*, ECF No. 6, PageID.44, ¶ 29.)

filed an amended complaint, which named as Defendants IRS Agent Michael Bryant, IRS Commissioner Charles Rettig, and the United States of America. (ECF No. 6, PageID.34, 46.)  The amended complaint is notarized and verified (*id.*, PageID.45-46, 61), contains a certificate of service (*id.*, PageID.63), and contains a demand for jury trial (*id.*, PageID.62).  (*See also* ECF No. 13, PageID.104-106.)

The Department of Justice has entered an appearance on Defendants' behalf, collectively referring to them as "the United States."  (ECF No. 17.)  Plaintiff's various attempts at entry of default have been denied.  (ECF Nos. 7-8, 21-22, 25, 37.)

### C.    Pending Motion to Dismiss

Judge Goldsmith has referred this case to me for pretrial matters.  (ECF No. 16.)  Currently before the Court is Defendant United States' September 2, 2022 motion to dismiss (ECF No. 18), which is based on multiple grounds.  Plaintiff's response (ECF No. 23) and the Government's reply (ECF No. 26) were timely filed.[3]  Plaintiff's sur-reply (ECF No. 29) was stricken from the record as unauthorized (ECF No. 30).  This motion is now ready for decision.

---

[3] In the United States' reply to their motion to dismiss (ECF No. 18), they also address Plaintiff's September 8, 2022 motion to rescind order of reference to U.S. Magistrate Judge (ECF No. 20) and Plaintiff's September 20, 2022 motion to object to notice of appearance (ECF No. 24).  (*See* ECF No. 26, PageID.221-222.) These matters were separately addressed by the Court on October 26, 2022 and

### D.     Discussion

### 1.     Subject matter jurisdiction

### a.     Fed. R. Civ. P. 8(a)(1)

The United States contends that the amended complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."  Fed. R. Civ. P. 8(a)(1).  (ECF No. 18, PageID.133.)  In his amended complaint, Plaintiff cites to jurisdiction-based statutes (*e.g.*, 28 U.S.C. §§ 1331 ("Federal question"), 1343 ("Civil rights and elective franchise") and 1361 ("Action to compel an officer of the United States to perform his duty"), 28 U.S.C. § 1391 ("Venue generally"), several substantive federal statutes, and the Fourth and Fifth Amendments to the U.S. Constitution.  (ECF No. 6, PageID.35-38, 47-48.)[4]  Thus, and taking into

_____

December 14, 2022 (ECF No. 33).

[4] The United States admits that Plaintiff cites Section 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  (ECF No. 6, PageID.36, 47; ECF No. 18, PageID.137.)  However, while "[t]he District Courts are vested with original jurisdiction under 28 U.S.C. § 1361 of 'any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff[,]'" this language "has been construed uniformly to mean that mandamus will not lie unless the alleged duty imposes a mandatory or ministerial obligation.  If the alleged duty is discretionary or directory, the duty is not 'owed.'"  *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975).  Plaintiff cites Section 1361 within the section of his complaint labeled "jurisdiction and venue," contending:  "That under 28 USC § 1361 there is a requirement to compel sworn officers of government to obey and honor the United States Constitution and all the protections under that Constitution, and a

consideration Plaintiff's civil cover sheet (which alleges jurisdiction based upon the U.S. Government as a Defendant), Plaintiff clearly intends to proceed on the basis of Section 1331 or 42 U.S.C. § 1346 ("United States as defendant").[5]

**b.** **Fed. R. Civ. P. 12(b)(1)**

The United States argues that dismissal of the amended complaint is appropriate for "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). (ECF No. 18, PageID.136-137.)  As the Government puts it, Plaintiff "does not cite any federal statutes that provide him with a cause of action." (*Id*., PageID.137.)

In the amended complaint, Plaintiff cites the following substantive federal statutes:

- 18 U.S.C. § 241 ("Conspiracy against rights") & 18 U.S.C. § 242 ("Deprivation of rights under color of law")

- 18 U.S.C. § 1962 ("Prohibited activities") & 18 U.S.C. § 1964 ("Civil remedies")

- 26 U.S.C. § 6331 ("Levy and distraint")

---

Mandamus to compel performance of officers to keep their oath of office and uphold that United States Constitution, especially with an oath of office and further to include all the laws in pursuance thereof is required in this instant case." (*See* ECF No. 6, PageID.36 ¶ 4; *see also id*., PageID.47.)  This report construes Plaintiff's references to Section 1361 as more of an assertion of jurisdiction than the basis for an underlying cause of action.

[5] The United States also contends that the amended complaint does not contain "a demand for the relief sought, which may include relief in the alternative or different types of relief[.]" Fed. R. Civ. P. 8(a)(3) (ECF No. 18, PageID.133); yet, Plaintiff does so by way of a "motion to stop collections" and a "motion for damages" (ECF No. 6, PageID.64-65).  (*See also* ECF No. 13, PageID.107-108.)

- 42 U.S.C. § 1983 ("Civil action for deprivation of rights") & 42 U.S.C. § 1985 ("Conspiracy to interfere with civil rights")

He also cites the Fourth and Fifth Amendments to the U.S. Constitution.  (ECF No. 6, PageID.35-38, 47-48.)  (*Compare* ECF No. 1, PageID.1-2.)

### i.      18 U.S.C. §§ 1-2725 ("Crimes")

The United States contends that Sections 241, 242, 1962, and 1964 "do not provide private plaintiffs a cause of action[.]"  (ECF No. 18, PageID.137.)  This is partially true.  Neither Section 241 nor Section 242 provides a private cause of action.  *Otworth v. Dorwin*, No. 20-2153, 2021 WL 2104499, at \*2-\*3 (6th Cir. May 11, 2021).  And, "criminal statutes generally do not create private causes of action[.]"  *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at \*2 (6th Cir. July 2, 2018).  However, the Racketeer Influenced and Corrupt Organizations (RICO) Act, which is codified at 18 U.S.C. §§ 1961-1968, "provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'"  *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 6 (2010) (citing 18 U.S.C. § 1964(c)).  *See also Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 285 (1992) ("Congress *has* legislated the elements of a private cause of action under RICO. Specifically, Congress has authorized '*[a]ny person injured in his business or property by reason of*' a RICO violation to bring suit under § 1964(c).");  *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 350 (2016).

Although Plaintiff cites Section 1962(a) and Section 1964(a) within the discussion of "jurisdiction and venue," (ECF No. 6, PageID.35 ¶ 1; *see also id.*, PageID.47), he does not cite Section 1964(c). Thus, Plaintiff does not seem to allege a RICO claim for which there is a private cause of action.

### ii. 26 U.S.C. §§ 6301-6344 ("Collection")

The United States contends that Section 6331 "applies to the [IRS] and its employees but does not provide a cause of action." (ECF No. 18, PageID.137.) As a matter of background, the Internal Revenue Code contains several provisions governing collection (26 U.S.C. §§ 6301-6344), several of which specifically relate to levy (*id.*, §§ 6331-6344). Plaintiff mentions 26 U.S.C. § 6331 ("Levy and distraint") on multiple occasions throughout his amended complaint. (ECF No. 6, PageID.37-58.) As to authority, Section 6331 provides, in part:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax,

collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

26 U.S.C. § 6331(a).  Having reviewed this statute, the United States correctly notes it applies to the IRS and its employees and does not provide a cause of action to Plaintiff; rather, it provides a remedy to the IRS.  *See Bowers v. J & M Discount Towing, LLC*, 472 F. Supp. 2d 1248, 1261 (D.N.M. 2006) ("This provisional remedy enables the IRS to execute on a tax lien and thereby collect delinquent taxes, without judicial intervention.").[6]

### iii.    Civil rights (42 U.S.C. §§ 1983, 1985)

The United States argues that Sections 1983 and 1985 "apply to state and local government officials[.]"  (ECF No. 18, PageID.137.)  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  For obvious reasons, the United States is not acting "under color of state law."

---

[6] *See also Gregory v. Neydon*, No. 91-1232, 1991 WL 136440 (6th Cir. July 25, 1991) (affirming district court judgment where the lower court found "the IRS Notice of Levy procedure under which plaintiff's benefits were levied upon was constitutional and in compliance with 26 U.S.C. § 6331[.]) (citing *State Bank of Fraser v. United States*, 861 F.2d 954, 957-58 (6th Cir.1988)).

As for Section 1985, Plaintiff presumably relies upon the subsection labeled, "Depriving persons of rights or privileges." 42 U.S.C. § 1985(3). However, "[u]nlike section 1983's color of state law requirement, section 1985(3) applies only to private conspiracies predicated on 'racial, or perhaps otherwise class-based, insidiously discriminatory animus.'" *Davey v. Tomlinson*, 627 F. Supp. 1458, 1462 (E.D. Mich. 1986) (Pratt, J.) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 101–02 (1971); *United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825 (1983)). "It is necessary to allege a conspiracy, the acts in furtherance thereof, and that the acts stemmed from a class-based animus." (*Id*. (citing *Place v. Shepherd,* 446 F.2d 1239 (6th Cir.1971)).) Here, Plaintiff's amended complaint only mentions "conspiracy" when he quotes 28 U.S.C. § 1343(a)(1) – a jurisdiction-based statute – and when "invoking" 18 U.S.C. §§ 241, 242 – which do not provide a private cause of action. (ECF No. 6, PageID.36 ¶¶ 3, 5.) Therefore, Section 1985(3) does not provide a basis for Plaintiff's causes of action against the United States.

### iv.    Summation

Preliminarily, Plaintiff states, "[i]f there remains any question over subject matter jurisdiction, this is answered in this District Court of the United States of America, Article III District Court under Common Law, and not under territorial United States District Court Article IV rules and regulations, for determining the

validity of this case as submitted by the DOJ."  (ECF No. 23, PageID.168-169; *see also id.*, PageID.173.)  This is nonsensical.  The *territorial* courts include "the Districts of Guam, the Northern Mariana Islands, and the U.S. Virgin Islands[.]"  *See*  https://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2021.[7]

More importantly, Plaintiff filed his lawsuit in the United States District Court for the Eastern District of *Michigan*, where it has been assigned both an "Article III" district judge (the Honorable Mark A. Goldsmith) and an "Article I" magistrate judge (the Honorable Anthony P. Patti).  There are several statutes concerning United States Magistrate Judges (28 U.S.C. §§ 631-639), among which is one permitting the district judge to designate matters to be handled by the magistrate judge.  *See* 28 U.S.C. § 636 ("Jurisdiction, powers, and temporary assignment").  Put another way, "[m]agistrate judges assist district judges in preparing cases for trial."  *See* https://www.uscourts.gov/about-federal-courts/court-role-and-structure.  Indeed, with the consent of all parties Magistrate Judges may also become the sole judge over federal civil cases in Article III

---

[7] While Michigan may have been characterized as a territory under the Northwest Ordinance of 1787, *see Crane v. Reeder*, 21 Mich. 24, 37 (1870), it was admitted as the 26th state on January 26, 1837, *see* https://www.michigan.gov/som/about-michigan/state-facts-and-symbols.

District Courts, in which case they conduct all pretrial proceedings, preside over a bench or jury trial, and enter judgment.  28 U.S.C. § 636(c)(1).

As for Plaintiff's reference to 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."), Plaintiff contends he has identified "seizures by the IRS in violation of" his Fourth Amendment right to "authorization with a judge's signature prior to seizure" and his Fifth Amendment right to "due process."  (ECF No. 23, PageID.169.)  Plaintiff also claims the IRS and its "Officers and Agents" are "using statutes without force of law[.]"  (*Id*.)  However, as the United States correctly contends, Section 3231 "refers to criminal procedure and criminal offenses against the United States and is inapplicable to Plaintiff's claims."  (ECF No. 26, PageID.217.)

### 2.    Sovereign immunity

#### a.    Individual versus official capacity

The United States argues that Plaintiff's claims are barred by sovereign immunity.  (ECF No. 18, PageID.138-140.)  Preliminarily, because Plaintiff's amended complaint names Commissioner Rettig only in the caption and on the certificate of service (ECF No. 6, PageID.34, 63), the United States correctly notes that Plaintiff "does not state any claims against the Commissioner."  (ECF No. 18,

PageID.138.)  Also, Plaintiff purports to sue <u>IRS Agent Michael Bryant</u> "in his personal capacity[.]"  (ECF No. 6, PageID.34, 65.)  Plaintiff alleges:

- Beginning in September 2021, IRS Agent Michael Bryant began collections seizing Plaintiff's bank account and the majority of Plaintiff's pension and Social Security retirement benefits using a 'Notice of Levy'.  (*Id.*, ¶ 25.)

- This violated IRS procedure, as well as his Fourth Amendment right against unlawful seizures and his Fifth Amendment right to due process.  (*Id.*, ¶ 25-26.)

- Bryant "refused or could not" discharge the purported debt.  (*Id.*, ¶ 28.)

- Bryant's "illegal collection activity" was followed by his issuance of a Notice of Lien against Plaintiff's wife and daughter with respect to their house, *i.e.*, a house not in Plaintiff's name.  (*Id.*, ¶ 29.)

According to Plaintiff, his "dealings with the IRS . . . ultimately led to this suit against the two listed Defendants, the Internal Revenue Service and Revenue Agent Michael Bryant."  (*Id.*, ¶ 33, 36.)  (*See also id.*, PageID.49-60 ¶¶ 39, 43, 48, 51, 52, 53, 59, 67.)  Thus, as Defendants note, "[t]he claims asserted by Plaintiff against . . . Bryant are all related to actions taken in Mr. Bryant's official capacity."  (ECF No. 18, PageID.138.)  Although the "Notice of Lien" – allegedly issued *against Plaintiff's wife and daughter* with respect to their house, *i.e.*, a house not in Plaintiff's name (ECF No. 6, ¶ 29) – does not appear to be attached to the pleadings or the motion papers, the "Notice of Levy" attached to Plaintiff's response appears to be a Department of Treasury – IRS Form 668-A (ECF No. 23,

PageID.179).  Put another way, "the actions of which [Plaintiff] complains are the

collection of federal taxes."  (ECF No. 26, PageID.218.)  In this regard, the

Supreme Court has instructed:

> As long as the government entity receives notice and an opportunity
> to respond, an official-capacity suit is, in all respects other than name,
> to be treated as a suit against the entity. . . . It is *not* a suit against the
> official personally, for the real party in interest is the entity. Thus,
> while an award of damages against an official in his personal capacity
> can be executed only against the official's personal assets, a plaintiff
> seeking to recover on a damages judgment in an official-capacity suit
> must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal citation omitted, emphasis

in original); *see also*, *Hollett v. Browning*, 711 F. Supp. 1009, 1013 (E.D. Cal.

1988) (holding that "plaintiff cannot state a *Bivens* action against

the individual defendants" and dismissing "plaintiff's claims for damages for

alleged violations of constitutional rights.").  Plaintiff's assertion that he "is suing

Defendants in their personal capacity as non-government entities so there can be

no question of immunity[,]" (ECF No. 23, PageID.170), is baseless.

### b.    The proper Defendant

Accordingly, as Defendants note, "[t]he only proper defendant in this action

is the United States[.]"  (ECF No. 18, PageID.138.)  In Plaintiff's response, he

claims to "expose[] the fact that the IRS is not listed in Title 31 within the

Organization of the Department of the Treasury[,]" and quotes heavily from

*Chrysler Corp. v. Brown*, 441 U.S. 281 (1979).  (*Id*., PageID.170-171.)  Yet, when

14

this Court denied Plaintiff's motion to object to the DOJ's notice of appearance

(ECF No. 24), the December 14, 2022 order stated:

> Plaintiff's premise that the Internal Revenue Service (IRS) "does not qualify" as an agency or bureau of an executive department and "is not a lawful organization" of the United States Government is incorrect.  (ECF No. 24, PageID.184-185.)  *See* 26 U.S.C. §§ 7801-7802.  Plaintiff's reliance on a historical footnote, which is *dicta*, in *Chrysler Corp. v. Brown*, 441 U.S. 281, 297, n. 23 (1978)[,] a case concerning the Trade Secrets Act, the Freedom of Information Act, and the Department of Labor[']s Federal Contract Compliance Programs[,] is not on point.  The Court takes judicial notice, under Fed. R. Evid. 201, that officers and agents of the Department of Treasury, including the IRS, are regularly represented by attorneys from the Department of Justice before the United States Courts.

(ECF No. 33.)

Purporting to offer "more evidence to expose this IRS deception[,]" Plaintiff

points to the IRS's assertion that it "is organized to carry out the responsibilities of

the secretary of the Treasury under section 7801 of the Internal Revenue Code."

(ECF No. 23, PageID.171 (quoting https://www.irs.gov/about-irs/the-agency-its-mission-and-statutory-authority).)  26 U.S.C. § 7801 is titled "Authority of

Department of the Treasury."  Plaintiff's claim that "[t]he fraud is perpetrated

citing section 7801 as generating the authority[,]" seems based on the allegation

that Section 7801 "has no parallel regulation in the Code of Federal Regulation[,]"

and, thus, "has no 'force of law'[,]" in support of which he cites *Morton v. Ruiz*,

415 U.S. 199 (1974), *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977), and

*United States v. Mersky*, 361 U.S. 431, 438 (1960).  (ECF No. 23, PageID.171-172.)

Yet, "[t]he IRS is established as a bureau of the Department of the Treasury and is therefore included within the protection of sovereign immunity." *Marvin v. Cable*, No. 1:16-CV-135, 2016 WL 4479125, at *1 (W.D. Mich. Aug. 25, 2016) (citing 26 U.S.C. § 7801(a)).  "There is a host of constitutional and statutory authority in support of the IRS being an agency of the United States.  Thus, plaintiff's claims against the IRS are essentially claims against the United States and the proper defendant is the United States." *Dunn v. I.R.S.*, No. CIV.A. 07-10528, 2007 WL 2050830, at *1 (E.D. Mich. July 17, 2007) (Friedman, J.).

### c.    Consent and waiver

Moving to the issue of sovereign immunity, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  "The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal and external citations omitted).  "[I]t is well established that 'unless sovereign immunity has been waived or does not apply, it bars

16

equitable as well as legal remedies against the United States.'"  *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 343 (6th Cir. 1984) (quoting *Jaffee v. United States*, 592 F.2d 712, 717 n. 10 (3d Cir. 1979)).

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied[.]"  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).  Plaintiff "must identify a waiver of sovereign immunity in order to proceed against the United States.  If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds."  *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).  As the United States correctly notes, Plaintiff has not done so.  (ECF No. 18, PageID.139; ECF No. 26, PageID.218.)

### d.    Waiver via the Internal Revenue Code

Nonetheless, the United States seems to acknowledge that Plaintiff's amended complaint "requests the return of any and all federal and state of Michigan income taxes collected from 1999 to the present, including penalties and interest[,]" (ECF No. 6, PageID.65 ¶ 3; *see also id.*, PageID.41, 60, 64).  (ECF No. 18, PageID.139.)  (It is unclear just how the United States could be charged with returning Plaintiff's State of Michigan taxes, but the Court need not engage in that analysis in order to reach the result recommended herein.)  Although the amended complaint does not cite 26 U.S.C. § 7422 – an Internal Revenue Code provision

17

concerning civil actions for refund – the United States cites it, noting that it "provide[s] a waiver of sovereign immunity for taxpayer refund suits in the federal district courts." (ECF No. 18, PageID.139.)

The United States argues that, "[t]o the extent Plaintiff seeks a refund in his amended complaint, he has not alleged that he has met the prerequisites of 26 U.S.C. § 7422." (*Id*.) This statute provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary*, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) ("No suit prior to filing claim for refund.") (emphasis added). As the Supreme Court explained in *Flora v. United States*, 357 U.S. 63 (1960), "a taxpayer must pay the *full amount* of an income tax deficiency before he may challenge its corre[c]tness by a suit for refund under 28 U.S.C. § 1346(a)(1) . . . ." *Flora*, 357 U.S. at 63 (emphasis added). It explained further that "no suit can be maintained for the purpose of restraining the assessment or collection of any tax." *Id*. at 75. However, all is not lost in terms of remedy for the those who fail to pay in advance or fail to pay in full, because, "[t]o ameliorate the hardship produced by these requirements Co[ng]ress created a special court where tax questions could be adjudicated in advance of any payment. . . . Such an individual is free to litigate in

the Tax Court without any advance payment." *Id*. As one Court in the Sixth

Circuit has summarized:

> The Supreme Court has held that under 28 U.S.C. § 1346(a)(1), which
> grants jurisdiction to district courts, and the claim for refund statute,
> 26 U.S.C. § 7422, a taxpayer must file a claim for refund and pay the
> full amount of the tax deficiency before he may challenge the
> correctness by a suit for refund in district court. *Flora v. United
> States*, 357 U.S. 63 . . . (1958).

*Martin v. Comm'r*, 584 F. Supp. 977, 978 (N.D. Ohio 1984), *aff'd*, 753 F.2d 1358

(6th Cir. 1985). *See also Parke, Davis & Co. v. United States*, No. 30011, 1975

WL 787, at *2 (E.D. Mich. Nov. 5, 1975) (Pratt, J.) ("A prerequisite to civil suit

for refund of taxes under 28 U. S. C. § 1346(a)(1) is that a proper claim for refund

be filed with the Secretary of Treasury or his delegate (26 U. S. C. § 7422).

Hence, if the claim is defective, the district court may not entertain a suit based

thereon.").

According to Defendants, Plaintiff's amended complaint does not allege that

"he filed an administrative claim for refund with the IRS or that he has paid his

assessed liability for the taxes mentioned in his amended complaint." (*Id*.,

PageID.140.) Even assuming, *arguendo*, that Plaintiff's claims to have requested

refunds (*see* ECF No. 6, ¶¶ 19, 54) ought to be treated as duly filed administrative

claims for refund, <u>it seems from the face of the amended complaint that the</u>

<u>purported taxes due have not been paid in full</u>. In the amended complaint, Plaintiff

"fully acknowledges that all taxes owed and due need to be paid by those that

owe." (ECF No. 6, PageID.38 ¶ 11.)  By this pleading, Plaintiff seeks "proof" of his liability.  (*Id.*, ¶¶ 11, 30, 40, 42.)  Also, Plaintiff seeks "damages equal to the amount [Agent Bryant] unlawfully *attempted* to collect . . . , more than $254,000.00."  (*Id.*, PageID.65 ¶ 1 (emphasis added).)  Beyond the pleading, Plaintiff's attachment to his motion response of a 2021 "Notice of Levy," which lists unpaid balances of assessments for the tax periods ending 2002, 2003, 2004, 2005, 2006, and 2009, with a "Total Amount Due" of $263,962.09 (ECF No. 23, PageID.179), buttresses the idea that Plaintiff's purported tax debt is not paid in full.  Notwithstanding this deficiency, as held in *Flora, supra*, "if a taxpayer cannot pay the full amount of the deficiency he may litigate in the Tax Court of the United States." *Martin*, 584 F. Supp. at 978.  In other words, Plaintiff's remedy, whether timely exercised or not, is found elsewhere.

Finally, as the Government points out, Plaintiff's amended complaint "contains a variety of allegations that the IRS and Revenue Office Bryant unlawfully attempted to collect federal income tax from Plaintiff."  (ECF No. 18, PageID.140.)  (*See*, *e.g.*, ECF No. 6, PageID.38, 43, 56, 64-65.)  To the extent these allegations can be construed as claims for damages under 26 U.S.C. § 7433 ("Civil damages for certain unauthorized collection actions"), "there would be a waiver of sovereign immunity."  (ECF No. 18, PageID.140.)  (*See also* ECF No. 26, PageID.218-219.)  Section 7433 is addressed *infra*.

### 3.      Fed. R. Civ. P. 12(b)(6)

The United States contends that the amended complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and argues that Plaintiff has "fail[ed] to state a claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6).  (ECF No. 18, PageID.133, 140-143.)

As to the original complaint, the Court's show cause order observed that "Plaintiff does not allege in the complaint that Defendants violated these statutes[,]" and "the factual allegations in the complaint do not coherently set forth a plausible cause of action."  (ECF No. 5, PageID.32.)  As a result, the Court takes particular note of the United States' statement that, "other than the addition of the text of numerous federal statutes, Plaintiff's amended complaint is nearly a carbon-copy of his original complaint which the Court found subject to dismissal."  (*Id*., PageID.141-142.)

Preliminarily, comparing the pages labeled "introduction and affidavit," there appear to be only two minor differences:

- To Paragraph 28, the addition of "Federal Reserve Notes are not money (debt instruments)."  (ECF No. 4, pageID.44.)

- To Paragraph 32, an edit that now reads:  "Also, since Plaintiff cannot pass any purported tax on, it cannot be claimed to be Excise."  (*Id*., PageID.45.)

(ECF No. 6, PageID.38-45 ¶¶ 11-34; with, ECF No. 1, PageID.3-10 ¶¶ 12-34.)  To clarify, a "federal reserve note" is "[t]he paper currency in circulation in the United States[,]" and an excise tax is "[a] tax imposed on the manufacture, sale, or use of goods (such as a cigarette tax), or on an occupation or activity (such as a license tax or an attorney occupation fee)." *See Federal Reserve Note* and *Tax*, Black's Law Dictionary (11th ed. 2019).  If Plaintiff intended to differentiate "money" from "federal reserve notes" or "debt instruments," United States "coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues."  31 U.S.C.A. § 5103 ("Legal tender").

Also, comparing the pages labeled, "allegations," the differences between the original pleading and the amended pleading seem limited to the addition of:  (a) two pages defining the various statutes referred to in the various counts; (b) statutory citations preceding the description of each of Counts 1 to 14; and, (c) Count 15, which seeks injunctive relief; as well as the following phrases:

- Defendants' failures "result[ed] in unconstitutional seizure of Bank Account, Pension and Social Security resulting in emotional and financial stress to this Plaintiff and his family." (ECF No. 6, PageID.49 ¶ 40.)

- "Defendants in this case exceeded the statutes limiting the amounts appropriate to levy in 26 USC sec 6331."  (*Id.*, PageID.52 ¶ 49.)

- To the phrase "Plaintiff does not meet the description of who the IRS can levy against," adding "in 26 USC." (*Id.*, PageID.53.)

- To the phrase "The IRS is violating the constitutional prohibition of direct taxation," adding "without apportionment." (*Id.*, PageID.55.)

- "The IRS is also not listed in the Federal Register." (*Id.*, PageID.58.)

- Clarification that Plaintiff's wages "are federal reserve notes . . ." (*Id.*, PageID.59.)

(*Compare* ECF No. 6, PageID.47-60 [Counts 1 to 15]; *with*, ECF No. 1, PageID.12-21[Counts 1 to 14].)  Notwithstanding the above discussion that Section 6331 applies to the IRS and its employees (*see* Section D.1.b.ii, *supra*), these six adjustments do not cure the ailments described in the Court's show cause order, namely either "Plaintiff does not allege in the complaint that Defendants violated these statutes[,]" or "the factual allegations in the complaint do not coherently set forth a plausible cause of action." (ECF No. 5, PageID.32.)

But, even if these adjustments to the amended complaint sufficiently alleged a claim for the "unlawful collection of taxes," for which "a waiver of sovereign immunity exists under 26 U.S.C. § 7433, the United States convincingly argues that Section 7433 is "inapplicable here." (ECF No. 18, PageID.142.)  In general, this statute provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service

23

recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). *See also* 26 U.S.C. § 7432 ("Civil damages for failure to

release lien"). As to damage, the statute states:

In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of—

(1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

(2) the costs of the action.

26 U.S.C. § 7433(b). *See also* 26 U.S.C. § 7432(b). Yet, "[a] judgment for

damages shall not be awarded under subsection (b) unless the court determines that

the plaintiff has exhausted the administrative remedies available to such plaintiff

within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). *See also* 26 U.S.C.

§ 7432(d)(1) (same). "Section 7433(d) is mandatory. It is a congressionally

established exhaustion imperative, not a judicially created one, and accordingly the

courts lack discretion to waive it." *Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th

Cir. 2011). *See also Mitchell v. United States*, No. 21-10889, 2022 WL 1049304,

at *5 (E.D. Mich. Apr. 7, 2022) (Steeh, J.) ("the failure to request the release of the

liens, a prerequisite to a proper administrative claim, means that Plaintiffs also failed to exhaust their administrative remedies pursuant to § 7432(d)(1).").

Here, the United States contends that Plaintiff "makes no allegation that the filed an administrative claim within the IRS prior to filing suit here" as required by Section 7433. (ECF No. 18, PageID.142-143; *see also* ECF No. 26, PageID.219-220.) In his amended complaint, Plaintiff does not expressly mention an administrative claim or exhaustion of remedies, although he does claim to have "requested refunds." (ECF No. 6, PageID.41 ¶¶ 19-20; *see also id*., PageID.54 ¶ 54.) If the United States was incorrect in its interpretation of the amended complaint, Plaintiff could have used his response to identify an administrative claim or method of exhaustion; instead, Plaintiff states his claim for relief "comes from trover, a common law action for recovery of wrongful taking of personal property." (ECF No. 23, PageID.173.) *See Trover*, Black's Law Dictionary (11th ed. 2019) ("A common-law action to recover damages for the conversion of personal property, the damages generally being measured by the property's value."). Given Plaintiff's allegations that his bank account/pension/social security were "seized without due process and in excess of allowable amounts by statutes lacking force of law[,]" he cites to the "Notice of Levy," which is signed by Revenue Office Michael Bryant, and argues "[t]here exists no signed order by a

judge to justify the seizures . . . ."  (ECF No. 23, PageID.173, 179.)  However,

there is no mention of "trover" in the amended complaint itself.

### 4.    The Tax Anti-Injunction Act (TAIA)

The United States argues that the Tax Anti-Injunction Act prohibits

Plaintiff's request for an injunction.  (ECF No. 18, PageID.143.)  Presumably, the

United States is referring to:  (a) Plaintiff's fifteen requests for "injunction relief

stating that Defendants' actions were and continue to be unconstitutional and

further stating that Plaintiff has suffered damages," (*see* ECF No. 6, PageID.49-

60); (b) the newly added Count 15, which itself seeks injunctive relief (*id.*,

PageID.59-60 ¶¶ 63-71); and, perhaps even (c) Plaintiff's "motion to stop

collections," which "demands an immediate order from the court for the return of

all unlawfully seized funds, remove all Notices of Lien and Levy, and cease of all

existing seizures of Plaintiff's Bank account(s), Pension and Social Security, until a

determination derived from a Trial by Jury is delivered to this court[,]" (*id.*,

PageID.64).

26 U.S.C. § 7421 concerns the "[p]rohibition of suits to restrain assessment

or collection."  Except as provided in various sections – among which is Section

6331(i) (" No levy during pendency of proceedings for refund of divisible tax.") –

"no suit for the purpose of restraining the assessment or collection of any tax shall

be maintained in any court by any person, whether or not such person is the person

against whom such tax was assessed." 26 U.S.C. § 7421(a). "[T]he principal

purpose of this language [is] the protection of the Government's need to assess and

collect taxes as expeditiously as possible with a minimum of preenforcement

judicial interference, and to require that the legal right to the disputed sums be

determined in a suit for refund." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736

(1974) (quotations and citations omitted).

  In arguing that the TAIA prohibits Plaintiff's request(s) for injunctive relief,

the United States appropriately notes:

> To the extent that Plaintiff's complaint can be read to seek an
> injunction preventing the IRS from assessing or collecting federal
> taxes[,] the relief is barred. The Court has no jurisdiction to consider
> any attempt by Plaintiff to enjoin the IRS from making an assessment
> of federal income taxes, nor can Plaintiff prevent the IRS from
> collecting the assessed amount.

(ECF No. 18, PageID.143.) In response, Plaintiff contends:

> Plaintiff accuses DOJ of conspiracy to defraud this Plaintiff by citing
> Title 26 statutes 7421 and 7433 which have no parallel regulations in
> the Code of Federal Regulation. . . . It is now completely apparent
> that the DOJ is involved with the IRS in a conspiracy to defraud this
> Plaintiff in Plaintiff's pursuit of justice, return of seized funds and
> damages for extortion, fraud and conspiracy to defraud in color of
> law. DOJ is filing Motions addressed to a territorial article IV court
> when this Plaintiff's filings are all to an Article III District Court
> where Plaintiff's Common Law and Constitutional protections are
> guaranteed. DOJ is clearly attempting to deny this Plaintiff his due
> process rights.

(ECF No. 23, PageID.173.) For one thing, Plaintiff's response does not address

the issue at hand, *i.e.*, whether his requests for injunctive relief are barred by 26

U.S.C. § 7421.  For another, the above discussion within this report discredits Plaintiff's argument about the absence of a parallel CFR (*see* Section D.2.b) or his idea that this is a territorial Article IV court (*see* Section D.1.b.iv), and his contention that the Undersigned is somehow an Article IV judge, an argument that was previously rejected by Judge Goldsmith.  (*See* ECF Nos. 31, 32.)  Therefore, the Court should agree with the United States that Plaintiff's arguments "lack merit" and "the Court should disregard them."  (ECF No. 26, PageID.220.)

## E.    Conclusion

Accordingly, the Court should **GRANT** Defendant United States' motion to dismiss (ECF No. 18).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 5, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE