UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MICHAEL MCLEOD,

    Plaintiff,       Case No. 22-10729

v.       HON. MARK A. GOLDSMITH

MICHAEL BRYANT et al.,

    Defendants.
_____/

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 39), (2)
OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 41), AND (3) GRANTING
DEFENDANTS' MOTION TO DISMISS (Dkts. 18)**

This matter is before the Court on the report & recommendation (R&R) of Magistrate Judge Anthony Patti (Dkt. 49). In the R&R, the magistrate judge recommends that the Court grant the motion to dismiss filed by Defendants Michael Bryant and the Internal Revenue Service (IRS) (Dkt. 18). Plaintiff John Michael McLeod filed objections to the R&R (Dkt. 41). For the reasons that follow, the Court overrules McLeod's objections and adopts the recommendation contained in the magistrate judge's R&R to grant the motion to dismiss.[1]

**I. BACKGROUND**

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–4. As the R&R notes, this action is about proof of McLeod's liability to the IRS. Am. Compl.

---

[1] Because oral argument will not aid the Court's decisional process, the issues will be decided based on the parties' briefing and the R&R. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion to dismiss, the briefing for the motion includes McLeod's response (Dkt. 23) and Defendants' reply (Dkt. 26).

¶¶ 11–16 (Dkt. 6).  McLeod names as Defendants IRS Agent Michael Bryant, IRS Commissioner Charles Rettig, and the United States of America.  Id. at 1.  He alleges that, in an effort to collect federal income tax liabilities, the United States improperly seized his bank account and the majority of his pension and Social Security retirement benefits without a judge's signature.  Id. ¶ 25.  McLeod asserts that those actions violated IRS procedure, as well as his Fourth Amendment right against unlawful seizures and his Fifth Amendment right to due process.  Id. ¶¶ 25–26.  He objects to the "Notice of Lien" that Bryant allegedly issued against Plaintiff's wife and daughter with respect to their house, which is not in McLeod's name.  Id. ¶ 29.  He insists that the IRS "could not offer proof that assessments for all years existed[,]" and he requests that the IRS provide "proof of liability before demanding or seizing [his] property."  Id. ¶ 30.

After McLeod brought this action, the Court found that he did not allege that Defendants violated the numerous federal statutes he cited in the complaint and that "the factual allegations in the complaint do not coherently set forth a plausible cause of action."  4/19/22 Order (Dkt. 5).  It ordered McLeod to file an amended complaint curing certain defects or informing the Court that jurisdiction is lacking, and McLeod filed an amended complaint.

The Department of Justice entered an appearance on Defendants' behalf, collectively referring to Defendants as "the United States" (Dkt. 17).  Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6).  They offer four reasons that McLeod's claims should be dismissed.  First, dismissal of the amended complaint is appropriate for lack of subject-matter jurisdiction because McLeod "does not cite any federal statutes that provide him with a cause of action."  Mot. at 7–8.  Second, the only proper defendant in this action is the United States, and sovereign immunity bars McLeod's claims.  Id. at 9–11.  Third, "the amended complaint does not allege any facts plausibly suggesting that any of the Defendants

2

committed actionable wrongdoing against" McLeod. Id. at 11. Instead, the amended complaint "simply restate[s] federal statutes or allege that Defendants have violated federal law or the Constitution without any factual statements that would show such a violation." Id. Fourth, the Tax Anti-Injunction Act (AIA) prohibits McLeod from seeking an injunction preventing the IRS from assessing or collecting federal taxes. Id. at 14.

The magistrate judge addressed each of these arguments in turn. He examined the federal statutes that McLeod cites in the amended complaint and found that McLeod does not allege a claim for which there is a private cause of action. R&R at 6–12. The magistrate judge also determined that McLeod's claims against the IRS are claims against the United States, and, therefore, the proper defendant is the United States. Id. at 14–16. To proceed against the United States, McLeod must identify a waiver of sovereign immunity, and the magistrate judge found that he has not done so. Id. at 17. Defendants pointed out in their motion that 26 U.S.C. § 7422, an Internal Revenue Code provision concerning civil actions for refund that McLeod did not cite in the complaint, "provide[s] a waiver of sovereign immunity for taxpayer refund suits in the federal district courts." Id. at 17–18 (quoting Mot. at 10). But the magistrate judge agreed with Defendants that, to the extent McLeod seeks a refund, he has not alleged that he has met the statutory prerequisites. Id. at 18–20. In addition, comparing the allegations in the original pleading to those in the amended pleading, the magistrate judge determined that the amended pleading did not cure the deficiencies that the Court previously identified and failed to state a plausible claim. Id. at 21–23. Even if the changes made in the amended complaint sufficiently set forth a claim for the "unlawful collection of taxes," for which a waiver of sovereign immunity exists under 26 U.S.C. § 7433, the statute precludes any claim based on the allegations in the amended complaint. Id. at 23–26. And to the extent the amended complaint could be read to seek an injunction

3

preventing the IRS from assessing or collecting federal taxes, the AIA prohibits such relief. Id. at 14.

McLeod filed a document that he states is both an objection to the R&R and a response to the Court's order (Dkt. 40) overruling McLeod's objections to the referral to the magistrate judge.

## II. ANALYSIS[2]

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified). Absent a specific objection, the issue is waived. Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." Id. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that objections that "disputed the correctness of the magistrate's recommendation but failed to specify the findings that [the objector] believed were in error" were summary in nature and, therefore, invalid). Additionally,

---

[2] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Id.

any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

As the R&R explained, McLeod must label his objections, and any objection must recite precisely the provision of the R&R to which it pertains. R&R at 29. McLeod does not identify specific issues with the magistrate judge's determinations, label his objections, or identify which provision of the R&R the Court must consider. Instead, he lists various sections of the Code of Federal Regulations, repeats arguments that he already made, offers generalized complaints about the magistrate judge and the use of unlawful arguments, and makes statements that either do not relate to the R&R or do not have an accurate basis. Therefore, the issues may be deemed waived. See Willis, 931 F.2d at 401. Nevertheless, none of what McLeod states in his objections and response undermines the recommendation that the Court grant Defendants' motion to dismiss.

McLeod asserts that the Internal Revenue Code is without force of law and that the IRS is not a legitimate bureau or agency of the Department of the Treasury. This is not accurate.

McLeod makes generalized allegations of bias against the magistrate judge that are speculative and have no support.

He also continues to object to the order of reference to the magistrate judge. He states that there is no basis for the magistrate judge recommending dismissal and that he did not consent to the order of reference. As this Court has explained several times and as the R&R has now explained, pursuant to 28 U.S.C. § 636, magistrate judges, under designation of a district judge, may hear and determine any pretrial matter pending before the court and submit to a judge a report and recommendation on dispositive matters. 28 U.S.C. § 636(b)(1)(A) & (B); 10/26/22 Order (Dkt. 27); 12/13/22 Order (Dkt. 32); 4/11/23 Order; R&R at 10–12. Magistrate judges appointed by this district court "are authorized to exercise all powers and perform all duties conferred upon

5

magistrate judges by 28 U.S.C. § 636." E.D. Mich. LR 72.1. McLeod filed this action in the United States District Court for the Eastern District of Michigan, and it has been assigned an Article III district judge and an Article I magistrate judge. The case was referred to the magistrate judge for all pretrial proceedings pursuant to § 636(b), which does not require consent of the parties.

McLeod also states that the magistrate judge's statement that he "must exhaust all administrative remedies is false." Obj. at 12. The magistrate judge referred to the exhaustion of administrative remedies in the context of discussing 26 U.S.C. § 7433, which permits a taxpayer to bring a civil action for damages against the United States in a district court if "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a). According to the magistrate judge, even if McLeod sufficiently alleged a claim for the unlawful collection of taxes, for which a waiver of sovereign immunity exists under § 7433, the statute was inapplicable. R&R at 23–24. One reason was that a court cannot award a judgment for damages unless it "determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Id. at 24 (quoting 26 U.S.C. § 7433(d)(1)). As the magistrate judge explained, this requirement "is a congressionally established exhaustion imperative, not a judicially created one, and accordingly the courts lack discretion to waive it." Id. (quoting Hoogerheide v. I.R.S., 637 F.3d 634, 639 (6th Cir. 2011)). The magistrate judge did not err in determining that a plaintiff bringing a claim under § 7433(b) must exhaust administrative remedies. And the Court agrees with the magistrate judge that neither McLeod's allegations nor his response sufficiently identifies an administrative claim or method of exhaustion.

6

The Court overrules McLeod's objections.

### III. CONCLUSION

For the reasons stated above, the Court overrules McLeod's objections (Dkt. 41), adopts the recommendation contained in the magistrate judge's R&R (Dkt. 39), and grants Defendants' motion to dismiss (Dkt. 18).

SO ORDERED.

Dated: July 25, 2023　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge